IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3349-FL

| | |
|---|---|
| ANDRE EUGENE LESTER, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| UNITED STATES POSTAL SERVICE, LEGAL MAIL CLERK – N. FENNELL, BRYANT C. ELLIOTT, WARDEN EVERETTE, UNKNOWN DOE #1, FARRAH L. PARKS, and MARY L. WALLACE, | ) |
| Defendants. | ) |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on December 18, 2023, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motions to receive all court documents (DE 10), to correct defendants (DE 11), to conduct discovery and amend complaint (DE 12), and for assistance (DE 10).

**COURT'S DISCUSSION**

The court begins with plaintiff's motions. In the motion to receive all court documents, plaintiff alleges defendants interfered with his legal mail, and he requests a court order directing defendants to provide all documents sent to him by this court. Plaintiff, however, does not even attempt to establish the relevant factors for ordering preliminary injunctive relief. Winter v.

Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, this motion is denied. If plaintiff is missing any documents in the record, he can request same from the clerk's office but he must pay the copying fees.

Plaintiff's motions for discovery or to amend the complaint, and for assistance, in effect request appointment of counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Thus, "[t]he district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, __ F.4th __, 2024 WL 3490967, at *5 (4th Cir. July 22, 2024). Importantly, legal "inexperience and incarceration alone do not warrant appointment of counsel." Id. at *6.

Here, while plaintiff presents a colorable claim for the reasons explained below, he fails to show that the difficulty of the claim or his abilities require appointment of counsel. Indeed, plaintiff has demonstrated through his filings that he is capable of proceeding pro se. And plaintiff's unsupported and conclusory assertion that he has no access to legal materials is insufficient standing alone to warrant appointment of counsel. See id. at *5. Accordingly, the motions to amend complaint, for discovery, and for assistance, construed as motions to appoint counsel, are denied.

Turning to plaintiff's motion to correct defendants, he explains that defendants warden Everette and unknown Doe 1 are not proper defendants in this case. The court construes this motion as seeking voluntary dismissal of the claims against these defendants. See Fed. R. Civ. P. 41(a)(1). The motion is granted, and the court will not consider any claims asserted against these defendants when conducting the initial review below.

As for the initial review, 28 U.S.C. § 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not

3

consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[1]

In addition, when a party proceeds pro se, the pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). A § 1983 plaintiff also must allege the defendants were personally involved in the alleged deprivation of his constitutional rights. See Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Here, plaintiff alleges that his legal mail was opened outside his presence on multiple occasions, in violation of his rights under the First and Fourth Amendments to the United States Constitution, and he suggests that defendant Bryant Elliot was responsible for same. To the extent this claim is asserted against defendant Elliot in his individual capacity, it is not clearly frivolous. See Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020). Accordingly, this claim is allowed to proceed. With the exception of defendant United States Postal Service, plaintiff does not allege sufficient facts to establish that any of the remaining defendants interfered with his mail.

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

As to the claims asserted against the postal service, federal agencies are not proper defendants in a civil rights action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 62 (2001). Moreover, even if plaintiff had named individual federal officers, claims asserting interference with legal mail are not cognizable under Bivens. See, e.g., Egbert v. Boule, 596 U.S. 482, 491–92, 498 (2022); Mays v. Smith, 70 F.4th 198, 202–05 (4th Cir. 2023).

Plaintiff does not assert this claim under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. § 2671, et seq. But even if the complaint could be construed to assert an FTCA claim, plaintiff fails to plead that he presented this claim to the relevant federal agency prior to filing this suit. McNeil v. United States, 508 U.S. 106, 111, 113 (1993). The court therefore lacks jurisdiction over any FTCA claim. Van Emburgh v. United States, 95 F.4th 795, 800 (4th Cir. 2024) (FTCA's presentment requirement is a "jurisdictional prerequisite" to suit under the FTCA); Pinkley, Inc. v. City of Frederick, MD., 191 F.3d 394, 399 (4th 1999) ("[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."). Finally, to the extent plaintiff is asserting a standalone claim for injunctive relief against the postal service, this claim is moot where he has been transferred to a new correctional facility, and thus the Elizabeth City post office is no longer responsible for plaintiff's mail. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Plaintiff's remaining claims are without merit. To the extent plaintiff asserts a claim for denial of access to the courts, he fails to allege that an underlying, nonfrivolous legal claim was frustrated or impeded by defendant Elliot opening his mail outside his presence. See Christopher v. Harbury, 536 U.S. 403, 414–16 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff

5

also does not have a constitutional right to a fair or functioning administrative grievance procedure. See Booker v. South Carolina Dep't of Corr., 855 F.3d 533, 541 (2017). And plaintiff's remaining claims for retaliation, unconstitutional conditions of confinement, due process violations, violations of the Equal Protection Clause, and state law claims lack any factual support in the complaint. See Nemet Chevrolet, 591 F.3d at 255.

Finally, plaintiff's official capacity claims against the state defendants must be dismissed. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (internal quotation omitted). And in the context here, neither States nor state officials acting in their official capacities are "persons" subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, these claims are barred by the Eleventh Amendment. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997).[2]

## CONCLUSION

Based on the foregoing, this action is ALLOWED to proceed as to plaintiff's claim that defendant Elliot, in his individual capacity, interfered with his legal mail by opening it outside his presence, in violation of the First and Fourth Amendments. All remaining claims and defendants are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is DIRECTED to proceed in accordance with Standing Order 14-SO-02, which governs service of process in this context. In the event it becomes necessary, the court DIRECTS

---

[2] The exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Ex parte Young, 209 U.S. 123, 159 (1908).

the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d). Finally, plaintiff's motions to receive all court documents (DE 10), to conduct discovery and amend complaint (DE 12), and for assistance (DE 13) are DENIED. Plaintiff's motion to correct defendants (DE 11) is GRANTED and the claims against defendants unknown Doe one and warden Everette are DISMISSED.

SO ORDERED, this the 6th day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

7

Case 5:23-ct-03349-FL-RJ   Document 14   Filed 08/06/24   Page 7 of 7